## W. H. BOWMAN v. NATHAN WATSON.

(Case No. 5772.)

1. HOMESTEAD—PLACE OF BUSINESS—ABANDONMENT—HOW DETERMINED—The owner of a lot fitted it up as a wagon yard, and, for a considerable period, carried on a wagon yard business upon it. He afterwards rented it for six months and hired himself out for the period of seven days. *Held*:

(1) The liability of the lot to forced sale depended on whether or not it was the intention of the owner to abandon it as a place of business; and his engagement in any sort of business during the lease did not *per se* deprive him of exemption of the lots.

(2) It was error in the court below to determine as *matter of law* that the renting of the wagon yard and the entering into the week's service, operated an abandonment of the lot as a place of business.

APPEAL from Parker. Tried below before the Hon. R. E. Beckham.

This was a suit in which the appellee, by an action of trespass to try title, sought to recover of the appellant, lots five and six in Dugan's block, of Weatherford, Parker county, and $30 per month, as rent, for the use thereof from November 5, 1885. The petition was filed January 6, 1886, and alleged that the appellee was in possession on November 5, 1885, when he was ejected by appellant. Appellant answered that he was not guilty, and by a special plea that he was the

head of a family, and had, as such, used the lots for more than five years as his business homestead. Appellee claimed that they had been abandoned as his homestead, and this was the principal issue in the case. The cause was tried on its merits before the court, and resulted in a judgment for appellee for the lots and for $110 rents.

*Bidwell & Kuteman*, for appellant, cited: Iken v. Olenick, 42 Tex., 195; Baird v. Trice, 51 Tex., 556; Const., art 16, sec. 51; R. S., art. 2236; Wynne v. Hudson et al, Tex. Law Rev., vol. 6, pp. 45, 199; Tex. Law Rev., vol. 5, p. 323; Shryock v. Latimer, 57 Tex., 674.

*E. P. Nicholson*, for appellee, cited: Shryock v. Latimer, 57 Tex., 678; Iken v. Olenick, 42 Tex., 201; Miller v. Menke, 56 Tex., 550; Slavin v. Wheeler, 61 Tex., 655.

ROBERTSON, ASSOCIATE JUSTICE—The single controversy in this cause is whether the lots in suit were the business homestead of appellant on September 24, 1885. Appellant bought and improved the lots for a wagon yard in 1880, and from that time, with perhaps one short intermission of a few months, until September 1, 1885, his business was to keep up the premises and carry on there the wagon yard business. On September 1, 1885, he rented out the premises for six months, and on September 23, he entered upon a week's engagement for personal service with Cameron & Co., lumber dealers, in Weatherford. Appellant testified that it was his purpose to resume possession of the lots at the termination of the six months' lease, and to go on with his wagon yard business. If this was true, the temporary renting of the property, by the express terms of the constitution, would not deprive him of the exemption.

If he had permanently abandoned the use of the property as a place of business, as it is exempt only as a place of business, it would cease to be his trade homestead. What his intention was when he rented out the property is the decisive fact to be ascertained. This intention is not to be determined alone by his own testimony, or what he did before the levy, but may be illustrated by what has since transpired. The question is, was it his intention to cease the use of the property as a regular place of business, or was it his intention, to serve his temporary purpose, temporarily to rent it out? If the former, it was subject to appellee's levy; if the latter, it was not subject, and the sale was void.

If the business was one requiring credit or capital to carry it on, as that of a merchant, the question would not be one solely of intent, or

rather, the intent would depend upon the situation of the owner. If he had neither the credit nor means of carrying on the business of merchant, he could have no definite intent to resume that sort of business. That was the case in Shryock *v.* Latimer, 57 Tex., 674. But to resume the wagon yard business, the appellant was dependent upon no such contingencies. There was no physical obstacle to the entertainment of an unqualified purpose to resume his business at the end of his tenant's term. What he does in the meantime may illustrate his intention, may show it not to be what he may swear it is, but his engagement in this interval in any sort of business does not *per se* deprive him of the exemption of the lots, if his intention really is to resume his business at the end of the temporary letting. In such case his business is not abandoned or destroyed, but merely interrupted.

On the facts the court below concluded "that when defendant, Bowman, rented his wagon yard and engaged in other pursuits, he abandoned the same as a place of business. * * * * *" It is evident that the court determined as *matter of law* that the renting of the wagon yard and plaintiff's entering for a week in the service of Cameron & Co., operated as an abandonment by plaintiff of the lots in controversy as a place of business. This is not a correct view of the law. The question of fact in the case has not been passed upon by the district court. For the error manifested in the court's conclusions of law, the judgment is reversed, and that the parties may have the judgment of the trial court upon the material issue of fact involved, the cause is remanded.

REVERSED AND REMANDED.

[Opinion delivered May 21, 1886.]