TRADERS NATIONAL BANK, OF FORT WORTH,
v. J. W. DAY.

No. 1141.

1.  **Fraud—Transfer to One Creditor.**—It is not a fraud upon other creditors for an insolvent debtor to transfer in good faith to one of his creditors property no more than is reasonably sufficient to pay the debt, although this may hinder and delay the other creditors.

2.  **Same—Charge of Court.**—The court charged that if the jury found that the transfer was a reasonable one, and made only for the purpose of paying the debt, they should find for the claimant (transferee), "although they might believe that (the debtor) in making such sale intended thereby to hinder, delay, and defraud his other creditors, and that the claimant knew, or might reasonably have known, of such intent." *Held*, that the word "defraud" was incorrectly used in the charge, but the error was not such as to require a reversal at the instance of the attacking creditors.

3.  **Trial of Right of Property—Burden of Proof—Bill of Sale.**—The statute provides, that upon the trial of the right of property to certain animals, the possession of the animal without written transfer shall be deemed prima facie illegal; and also, that if the property was taken from the possession of the claimant, the burden of proof is on the plaintiff. The property in question was certain horses, and there was no written transfer to the claimant. *Held*, that instructions that if the horses were taken from claimant's possession the burden of proof would be on plaintiff, and that in the absence of a bill of sale the law presumed claimant had no title thereto, were in accordance with the law.

APPEAL from Denton.  Tried below before Hon. D. E. BARRETT.

*A. C. Owsley* and *J. Y. Hogsett*, for appellant.—1. The charge is equivalent to telling the jury that if there was the form of a sale between the parties, and the consideration a debt owed by E. S. Day to J. W. Day, the said sale would be valid, no odds how much fraud upon creditors may have induced it or entered into the transaction.

2. It was error to charge the jury as to ownership of stock, as in the charge as given, without also instructing them, as requested in special charges, what they should look to in order to determine ownership. Traylor v. Townsend, 61 Texas, 146; Humphries v. Freeman, 22 Texas, 45; Mixon v. Symonds, 2 Texas Civ. App., 629.

3. The court erred in refusing to instruct the jury, "that if they believe from the evidence that the horses claimed by J. W. Day to have been bought by him from E. S. Day remained after said sale in the possession of E. S. Day, or in the concurrent possession of E. S. and J. W. Day, or that the possession remained the same after the sale as before the sale, then the sale was presumably fraudulent, and unless defendant has explained the said possession so as to make it consistent with good faith and fair dealing, then you will find for the plaintiff as to said horses."  Stadtler v. Wood, 24 Texas, 624; Gibson v. Hill, 23 Texas, 82; Wait on Fraud. Con., sec. 255, 259; Gibson v.

Hill, 21 Texas, 225; Landman v. Glover, 25 S. W. Rep., 994; Hamburg v. Wood, 66 Texas, 177.

*Smith & Bell*, for appellee.—1. When the entire third clause of the court's charge is considered together, as it should be, it submits the law of the case as applicable to the claimant's contention, and authorized by the evidence introduced. Greenleve, Block & Co. v. Blum, 59 Texas, 126; Lewy & Co. v. Fischl, 65 Texas, 311; Ellis v. Valentine & Son, 65 Texas, 532; Allen v. Carpenter, 66 Texas, 139.

2. There was no error in refusing the second special instruction asked by plaintiff, because the evidence upon which the plaintiff relied to avoid the sale was not conclusive, but only badges of fraud. Stadtler v. Wood, 24 Texas, 624; Edmunds v. Dickson, 66 Texas, 616; Gibson v. Hill, 21 Texas, 228; Weaver v. Nugent, 72 Texas, 272.

3. The rule established in Texas is, that the circumstance that possession of the property was not delivered to the vendee is only prima facie evidence of fraud, which can be explained. Van Hook v. Walton, 28 Texas, 73.

HEAD, ASSOCIATE JUSTICE.—Appellant caused the levy of a writ of attachment upon the horses in controversy, as the property of E. S. Day. Appellee filed a claimant's affidavit and bond for the trial of the right of property, claiming himself to be the owner of the horses. Verdict and judgment in favor of appellee.

The evidence is sufficient to sustain the verdict finding that E. S. Day never did own some of the horses, and that the others were transferred by him to appellee previous to the levy of the attachment, in payment of a valid debt.

*Opinion.*—Appellant's first assignment complains of the giving of the latter part of the following charge: "A creditor has the right to receive property from an insolvent debtor in payment of a debt due him, if the same is done openly, and not more property is taken than is reasonably necessary to pay the debt, although the creditor may know at the time he receives the property that he will thereby prevent other creditors from enforcing their claims, and although the creditor may know that the debtor is prompted to give him the preference through motives of friendship, provided the reception of such property is for the sole purpose of securing the payment of his debt, and not with the intent to cover up the property or its proceeds for the benefit of the debtor, to the prejudice of other creditors; and if you believe from the evidence that the claimant, J. W. Day, had loaned to E. S. Day the sum of $800, and that the animals in controversy, prior to the levy of said writ of attachment, or any part of them, were sold and delivered by E. S. Day to the claimant in payment of part of said indebt-

edness, and if the said E. S. Day was actually indebted to claimant, and if the said J. W. Day received said animals for the sole purpose of payment upon said indebtedness, and not with the intent to cover up any part of said property or its proceeds for the benefit of E. S. Day, to the prejudice of other creditors of said E. S. Day; and if you further find that the value of said animals at the time was not more than was reasonably sufficient to pay said indebtedness, and that the same was applied as payment thereon; and if you further find, that at the time of said levy the said E. S. Day did not own or have any interest in said stock or their increase, then you will find for the claimant, J. W. Day, for all such stock thus sold, and the increase thereof, although you may believe that E. S. Day, in making said sale, intended thereby to hinder, delay, or defraud his other creditors, and that the claimant knew, or might have known, of such intent by the exercise of ordinary diligence."

We do not approve of the use of the word "defraud" in this charge. With that exception, we regard it as a clear and accurate exposition of the law applicable to the case.

It is not a fraud upon other creditors for an insolvent debtor to transfer to one of his creditors property no more than is reasonably sufficient to pay the debt. The mere fact, however, that property is transferred in payment of a valid debt, would not prevent the transaction from being set aside at the suit of other creditors, if such payment be coupled with other acts constituting legal fraud as to them.

The law upon this subject is tersely stated in Greenleve, Block & Co. v. Blum, 59 Texas, 126, as follows: "The right of a creditor to receive property from an insolvent debtor, in payment of a debt due to him, if the same be openly done and more property is not taken than is reasonably necessary to pay the debt, although the creditor may know at the time he so receives the property that he will thereby prevent other creditors from enforcing their claims, and although the creditor may know that the debtor is prompted to give to him the preference through motives of friendship, is recognized. Such reception of property, however, must be bona fide, i. e., for the sole purpose of securing the debt, and not with intent to cover up any part of the property or its proceeds for the benefit of the debtor, to the prejudice of other creditors."

The use of the word "defraud," therefore, in charges of this kind, does not accurately convey the proper idea to the jury, because under some circumstances it might create the impression that, even though there be legal fraud in connection with the payment of a valid debt, it would not affect the transaction. Mixon v. Symonds, 2 Texas Civ. App., 629.

In this case, however, the only fraud claimed by appellant was, that the alleged transfer from E. S. Day to J. W. Day, either was never

made at all, or if made, was simulated and colorable only, with the understanding that the latter was to hold the horses in trust for the former; and the law applicable to this phase of the case was fully given, both in the main charge and in a charge requested by appellant. Under these circumstances, we hold no reversible error was committed by the court below in giving the charge complained of.

Article 4563, Revised Statutes, is as follows: "Upon the trial of the right of property of any animal such as is mentioned in the preceding article, in any court of this State, the possession of such animal without the written transfer therein specified shall be deemed prima facie illegal." And article 4838 provides: "In all cases arising under this title (trial of right of property), if the property was taken from the possession of the claimant, the burden of proof shall be on the plaintiff." And in paragraph 4 of the charge the court instructed the jury that, if the horses were taken from the possession of the claimant, the burden of proof would be upon the plaintiff; and in paragraph 5 charged that, inasmuch as the evidence showed that there was no bill of sale from E. S. Day to J. W. Day for the horses, the law would presume that the latter had no title thereto, and unless they believed from a preponderance of the evidence that such presumption had been overcome, they should find for the plaintiff.

Appellant complains of these charges as being contradictory. They do not seem to us to be any more conflicting than the law itself.

Under such circumstances, we think, if the evidence shows that the animals were taken from the possession of the claimant, and goes no further, he would be entitled to judgment; and therefore, in order to rebut this prima facie case, the burden would be upon the plaintiff. He might meet this burden by showing that the one in possession had no bill of sale; and unless the presumption thus raised in his favor should in turn be overcome by evidence, he might be entitled to judgment.

This we understand to be the effect of the charges given the jury by the court below; and when so construed, we find no error therein.

For the reasons set forth in the answer of our Supreme Court to the question certified by us to it in this case (87 Texas, 101), we find no error in the action of the court in refusing the fourth special instruction asked by appellant. The charge is copied at length in the opinion of the Supreme Court referred to.

We think the court correctly refused to direct the attention of the jury to the special facts relied upon by appellant in its attack upon this sale, as requested in the sixth special charge asked by it. The charge upon this branch of the case is all that was required, and is deserving of commendation.

We find the verdict sustained by the evidence. What we have said, together with the opinion of our Supreme Court upon the certified

question, shows that we are of opinion none of the other assignments of error are well taken.

The judgment of the court below will be affirmed.

*Affirmed.*

Delivered June 20, 1894.