## MAYFIELD CO. v. OWENS.

### No. 11354.

Court of Civil Appeals of Texas. Dallas.
Oct. 28, 1933.

Rehearing Denied Nov. 25, 1933.

Lasseter, Simpson & Spruiell, of Tyler, for appellant.

Bishop & Holland, of Athens, for appellee.

JONES, Chief Justice.

In a suit in the district court of Henderson county, in the statutory form of trespass to try title, instituted by appellee, S. R. Owens, against appellant, Mayfield Company, a corporation, appellee recovered title and possession to one acre of land in Henderson county. Appellant has duly perfected an appeal to this court, and the following are the necessary facts:

In August, 1930, appellee, a married man, purchased a two-acre tract of land for the purpose of rural homestead for himself and family, and immediately erected thereon a residence, on the east side of the land, in which he and his family moved, and established the home in which they are still living. Shortly after the erection of their home, appellee built a residence on the west side of the land, and since said time has rented this house and an acre of the ground to persons who lived in this house and cultivated this acre of ground, and likewise farmed other land in the immediate vicinity. It is not shown that there was any segregation of this acre of land by any physical marks from the land occupied by appellee. Appellee's land is situated about one mile from the village of Brownsboro; the intervening space consisting of a 400-acre farm. The last house built, together with an acre of land, has brought a monthly rent of $10, and this sum is necessary for the support of the family, and is used exclusively for that purpose. The parties to this appeal have entered into the following agreement: "It is agreed that the plaintiff has title to the land in controversy unless the defendant has acquired title by sale of the land under execution issued on a judgment against plaintiff, the plaintiff contending that said land is and was at the time of said sale a part of the homestead of himself and wife, and that for this reason defendant acquired no title by reason of said sale. And it is agreed that if the facts show the land in controversy was not a part of plaintiff's homestead that defendant, Mayfield Company, acquired all of plaintiff's title by said sale. It being agreed that all proceedings in said sale were regular."

As shown by the record, as well as the agreed statement, appellant's title to the land rests on the levy of an execution issued out of a justice court in Henderson county, to satisfy a justice court judgment in favor of appellant against appellee in the principal sum of $63.40; the execution was levied on this acre of ground, and the property was duly sold by the sheriff to appellant for the consideration of $90, which sum was consumed in the discharge of the judgment and the court costs, together with the costs incident to the sale of the property.

■ Section 51 of article 16 of the Constitution declares that: "The homestead, not in a town or city, shall consist of not more than two hundred acres of land, which may be in one or more parcels, with the improvements thereon." The undisputed evidence in this case shows that appellee's homestead was established on the entire two-acre tract of land; that the house built on the land was erected for the purpose of increasing the revenue from this homestead tract of land, in order that the tract of land would yield a support for the family. This rent-house thus became the character of an improvement named in the homestead clause of the Constitution. The house was not built on a separate parcel of land that had not been previously impressed with a home-

stead right, but was directly so impressed, and on land which would continue its status as a homestead, until appellee abandoned it as a part of his homestead. The burden rested on appellant to show an abandonment.

The question of abandoning the homestead is generally a question of fact, either for a jury or for the court trying the issue. We are of the opinion that the evidence in this case is not sufficient to show an abandonment, as a matter of law, and hence, there being no jury, was an issuable fact to be decided by the court.

We are not unmindful of the decisions, in fact a number of them have been cited by appellant, which hold that where a rural homestead consists of two or more separate parcels of land, and the owner has only impressed the tract of land on which he lives with a homestead character, but has continually rented or leased the other tract of land, that he cannot claim the homestead exemption as to such other tract of land. The reason for such holding is not that the owner abandoned his homestead right in such other tract of land, but that it was never actually impressed with the homestead character. We are of the opinion that the finding of the court that appellee never abandoned any portion of said tract of land as his homestead is sustained by the evidence. Such holding we believe is sustained by the principles announced in the following authorities: Schultz v. Schultz (Tex. Civ. App.) 45 S.W.(2d) 312; Axer v. Bassett, 63 Tex. 545; Bogart et ux. v. Cowboy State Bank & Trust Co. et al. (Tex. Civ. App.) 182 S. W. 678, 681; Hibbs v. City Nat'l Bank of Wichita Falls (Tex. Civ. App.) 293 S. W. 350.

It necessarily follows that, in the opinion of this court, the judgment of the lower court should be affirmed, and it is so ordered.

Affirmed.