T. R. Ray et ux v. A. S. Metzger.

No. 8060.  Decided June 16, 1943.
Rehearing overruled July 14, 1943.
(172 S. W., 2d Series, 480.)

*Mays & Mays* and *Charles Mays,* all of Fort Worth, for petitioners.

The Court of Civil Appeals erred in holding that the evidence was sufficient for the lower court to refuse to instruct a verdict in behalf of Ray and his wife so far as the foreclosure of said lien was concerned. Texas Land & Loan Co. v. Blalock, 76 Texas 85, 13 S. W. 12; Rutland Saving Bank v. Isbell, 137 Texas 432, 154 S. W. (2d) 442.

*Fay W. Prescott* and *Arthur Haddaway,* both of Fort Worth, for respondent.

On question of abandonment of homestead. Medlenka v. Downing, 59 Texas 32.

MR. JUDGE HARVEY of the Commission of Appeals delivered the opinion for the Court.

This is a suit by A. S. Metzger on a promissory note executed to him by T. R. Ray and his wife, Emma Ray. No personal liability is charged against Mrs. Ray, but foreclosure of a land mortgage, executed by the Rays to secure said note, is sought. The note was executed August 5, 1938, and, to secure payment of same according to its terms, the Rays, on the same day, executed a mortgage on eight lots of land described in the mortgage as lots 1, 2, 3, 4, 7, 8, 9 and 10 in the T. R. Ray subdivision of 3 3/4 acres of land, a part of the T. Akers Survey in Tarrant County, Texas. The liability of Ray on the note is shown by undisputed evidence, and the trial court rendered judgment against him for the amount of the note. The jury, in answer to special issues submitted to them on the subject, found that at the time the mortgage was executed, the property mortgaged was not used by Ray for purposes of the family home, and that he had abandoned the use of same for such purposes. Upon this finding by the jury, the trial court rendered judgment foreclosing the mortgage. It is upon this branch of the trial court's judgment that the controversy arises. The Court of Civil Appeals affirmed the trial court's judgment, 165 S. W. (2d) 207. The Rays have been granted the writ of error.

Testimony introduced at the trial disclosed facts substantially as follows:

Several years prior to the year 1938, Ray acquired a tract of 3 3/4 acres of land in a rural section of Tarrant County, and established the family home on said tract. Thereafter he and his wife and children resided—and still reside—in a dwelling

house which stands on said tract. In June, 1938, Ray, for the orally declared purpose of selling a portion of the land, caused the said tract to be surveyed and subdivided into ten separate lots, and thereupon caused a plat of such subdivision to be prepared and duly placed of record in the office of the County Clerk of Tarrant County. The family dwelling house and appurtenant structures stood on Lots 5 and 6 as described in said plat. The eight mortgaged lots are described in the mortgage by reference to said recorded plat. These eight lots constitute vacant parcels of land and, since said plat was placed of record in June 1938, none of them has been used by Ray or his family for any purpose. Prior to that time they had been used by Ray in growing vegetables for the support of his family; but at the time said plat was made and at the time this mortgage was given, Ray intended to cease permanently the use of the vacant lots for home purposes. This testimony furnished a valid basis for the jury findings mentioned above. Peterman v. Harborth, 300 S. W. 33 and cases there cited.

The judgment of the trial court and that of the Court of Civil Appeals affirming same, are affirmed.

Opinion adopted by the Supreme Court June 16, 1943.

Rehearing overruled July 14, 1943.