## WALKER–SMITH CO. v. WHALEY et al.

### No. 2476.

Court of Civil Appeals of Texas. Eastland.

Jan. 12, 1945.

Wilkinson, Johnson, Griffin & Bohannon, of Brownwood, for appellant.

Callaway & Callaway, of Brownwood, for appellees.

GRISSOM, Justice.

In May, 1939, Walker-Smith Company recovered judgment against J. P. Whaley for $3,418.60. All the prerequisites to fixing a judgment lien against the real estate of J. P. Whaley in Brown County, other than his homestead, were complied with. At said time Whaley owned a lot in Brownwood on which he and his wife had resided as their homestead since about 1904. The lot was 77.5 feet wide and 104.-5 feet long. Near the southwest corner of said lot there was a garage 10 feet by 16 feet. About 1937 J. P. Whaley added a room 7 feet by 10 feet to the east side of his garage, and later another room on the east about 6 feet by 7 feet. In September, 1941, J. P. Whaley and wife executed a warranty deed to said lot and premises to their daughter, Mrs. Derrick. Mrs. Derrick improved and made additions to the original garage and prior additions made thereto by Whaley.

In February, 1943, Walker-Smith Company filed this suit against J. P. Whaley and wife and Mrs. Derrick for the purpose of foreclosing an asserted judgment lien against the original garage and the additions thereto and the premises used in connection therewith alleged to be 21.5 feet by 60 feet. By trial amendment plaintiff reduced the size of the premises upon which it sought to foreclose its asserted lien to 11.5 feet by 49 feet.

The cause was submitted to a jury, and it found, among other things, that prior to the conveyance to Mrs. Derrick J. P. Whaley had not abandoned for homestead purposes the 11.5 feet by 49 feet strip of land in question. The court rendered judgment, based on the verdict of the jury, denying plaintiff a foreclosure of its al-

leged judgment lien against said property. Plaintiff has appealed.

Prior to the submission of the cause to the jury, plaintiff requested the court to instruct the jury to return a verdict for plaintiff. Thereafter, plaintiff moved the court to render judgment for it notwithstanding the verdict. Said motions were overruled. Such actions were alleged as a basis for a new trial. Plaintiff presents in various ways its contention that the evidence showed conclusively the Whaleys had abandoned the 11.5 feet by 49 feet strip of land as a part of their homestead before they conveyed the entire lot to Mrs. Derrick, and, therefore, the court erred in failing to foreclose plaintiff's judgment lien.

There was evidence that Whaley in 1937 added said two small rooms to the original garage, connected them with the water, gas and electric meters in his residence, removed the garage doors and was improving the small building on the strip of land in controversy, located in the southwest corner of his residence lot, for the purpose of using same as a wash house and a storage room, and with the further intention of again using the original garage as a garage if and when he became financially able to buy another automobile. He had sold his automobile several months prior thereto. At the time of the trial Mr. Whaley was 79 years of age and his wife was 68. While Whaley was engaged in improving this building, a neighbor suggested that he rent it to him as a residence. Some improvements were added to make it more suitable for a residence, and thereafter until September, 1941, when the whole lot was sold to Mrs. Derrick, Whaley continued at irregular intervals to rent the garage to tenants who occupied it as their residence. There was evidence that the strip in controversy, which will, for convenience, be referred to as the garage, was vacant from one-half to two-thirds of the time from the time it was first rented until it was conveyed to Mrs. Derrick; that during said periods of vacancy it was used as a wash house and as a storage room by the Whaleys and by Mrs. Derrick when she was visiting her parents. Mr. Whaley testified in substance that he had. thought of tearing the building down, that he had never intended to rent it permanently, that it was his intention to resume, or continue, the use of the garage as a washroom and storage room and also for a garage, if he became financially able

to purchase another automobile. There was no physical segregation of the strip in question from the remainder of the premises on which the Whaley residence was situated, that is, there was never any 'fence line or other line of demarcation defining the respective limits of the garage and residence premises. Neither was there any constructive severance or segregation of the premises joining the two structures, except such as may be evidenced by renting the garage. The south line of the garage, according to a plat in the record, is 18 inches from Whaley's south property line and the west line of the garage is 6 feet from Whaley's west property line. The utilities used in connection with the garage are connected with the meters in the Whaley residence. Whaley's residence has 13 rooms. It occupies most of the lot on which it is situated. There was evidence that there was no other practical place on the lot for any store room or similar building, other than the place where the garage is situated.

The foregoing statement of the evidence is made from the viewpoint most favorable to the appellee and in accordance with the judgment of the trial court. We are required to view the evidence from that standpoint. In Ray v. Metzger, Tex. Civ.App., 165 S.W.2d 207, 209, affirmed 141 Tex. 372, 172 S.W.2d 480, the court said: "It is now too well settled to require citation of authorities that where testimony is conflicting and is of such a nature that a jury could reasonably find either way, the verdict must be respected by the appellate court if there is any testimony of probative value to support the finding. It is equally well settled that no instructed verdict should be given, if to consider all the testimony against the proposed instructed verdict in its most favorable light to the one against whom the verdict would have been given under the request, a jury might have found to the contrary."

Our Supreme Court has said that the party asserting abandonment of a homestead, or a part thereof, has the burden of proving it by evidence "undeniably clear and beyond almost the shadow, at least all reasonable ground of dispute." See also Gouhenant v. Cockrell, 20 Tex. 96, 98; 22 Tex.Jur. 72, § 46; 22 Tex.Jur. 81, §§ 53, 54; Shepherd v. Cassiday, 20 Tex. 24, 29; 70 Am.Dec. 372; Thomas v. Williams & Bonner, 50 Tex. 269, 274; Bogart

v. Cowboy State Bank & Trust Co., Tex. Civ.App., 182 S.W. 678, 681; Bell v. Franklin, Tex.Civ.App., 230 S.W. 181, 184; Dunlap v. English, Tex.Civ.App., 230 S.W. 829, 830.

■ The issue of abandonment of a homestead, or part thereof, is generally a question of fact. Thomas v. Tyler, Tex. Com.App., 6 S.W.2d 350; Tyler v. Thomas, Tex.Civ.App., 297 S.W. 609, 611; Hibbs v. City Nat'l Bank, Tex.Civ.App., 293 S. W. 350, 352; Carver v. Gray, Tex.Civ. App., 140 S.W.2d 227; 22 Tex.Jur. 111; Hughes v. Bond, Tex.Civ.App., 118 S.W. 2d 443.

■ After careful consideration of the entire statement of facts and the applicable authorities, we are of the opinion that the evidence did not show as a matter of law an abandonment of the garage. Whether Whaley abandoned that portion of the premises was a question of fact. Rollins v. O'Farrel, 77 Tex. 90, 94, 13 S.W. 1021; Newton v. Calhoun, 68 Tex. 451, 4 S.W. 645; Shook v. Shook, 21 Tex.Civ.App. 177, 50 S.W. 731; Guthrie v. Texas P. Coal & Oil Co., 132 Tex. 180, 182, 122 S.W.2d 1049; Mayfield Co. v. Owens, Tex.Civ. App., 65 S.W.2d 343, 344.

The judgment is affirmed.