**BRADEN STEEL CORPORATION, Appellant,**

v.

**Tom McCLURE, and Accent Building Systems, Inc., Appellees.**

**No. 9120.**

Court of Civil Appeals of Texas, Amarillo.

July 16, 1980.

Rehearing Denied Aug. 13, 1980.

---

Underwood, Wilson, Sutton, Berry, Stein & Johnson, A. W. SoRelle, III, and Jerry N. Smith, Amarillo, for appellant.

Appellees did not file brief.

DODSON, Justice.

After an extra-judicial foreclosure of a deed of trust lien on a 6.5 acre tract, Braden Steel Corporation brought suit against Tom McClure and Accent Building Systems, Inc. to recover a deficiency judgment on a promissory note in the original principle sum of $40,000 plus interest and attorney's fees as therein provided. In addition to his answer, Tom McClure, a single adult, filed a cross-action alleging that the property in question was his rural homestead and requesting that the sale under the deed of trust be set aside. After a bench trial, the court rendered judgment in favor of Braden Steel Corporation on the note for the original principal sum plus interest and attorney's fees, and further rendered judgment in favor of Tom McClure by setting aside the deed of trust sale. With a limited appeal, Braden Steel challenges that portion of the judgment setting aside the sale of the property in question under the deed of trust lien. McClure and Accent Building Systems, Inc. do not appeal from the judgment. We affirm.

On appeal, Braden Steel Corporation maintains, *inter alia*, that the challenged portion of the judgment should be reversed because (1) the court's findings of fact do not support the judgment; (2) there is no evidence to support the essential elements of McClure's homestead claim on the property in question; (3) the evidence is factually insufficient to support McClure's homestead claim on the property in question; (4) the evidence conclusively establishes that McClure is estopped from claiming the property in question as his homestead; and (5) the court's failure to find such estoppel is against the great weight and preponderance of the evidence. At the trial, McClure claimed the sale under the deed of trust should be set aside because the property in question was a part of his rural homestead. Thus, he maintains that the deed of trust and the sale thereunder were invalid.

Article 16, section 50 of the Texas Constitution provides in pertinent part that:

> The homestead of a family, *or of a single adult person*, shall be, and is hereby protected from forced sale, for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon, . . . No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon, as hereinbefore provided, whether such mortgage, or trust deed, or other lien, shall have been created by the owner alone, or together with his or her spouse, in case the owner is married (emphasis added).

As a part of the legislation implementing the constitutional provision, the Texas Legislature enacted article 3833 of the Texas Revised Civil Statutes Annotated (Vernon Supp. 1980). This article provides, in part, as follows:

> (a) If it is used for the purposes of a home, . . . the homestead of a family or a single, adult person, not a constituent of a family, shall consist of:

> \*   \*   \*   \*   \*   \*

(2) for a single, adult person, not a constituent of a family, not more than one hundred acres, which may be in one or more parcels, with the improvements thereon, if not in a city, town, or village;

\*　　\*　　\*　　\*　　\*　　\*

(b) Temporary renting of the homestead shall not change its homestead character when no other homestead has been acquired (emphasis added).

Tom McClure, a single adult, owns a seventy-three acre tract of land located approximately four miles northwest of the City of Canyon in Randall County, Texas. Although the property was purchased by four separate deeds at different times, the four tracts comprise one contiguous unit. The parties stipulated that the property was not "located in the legal limits of an incorporated city, town or village" nor had it been at any other time since Mr. McClure had acquired the property. The evidence confirms that the property is rural rather than urban property; that McClure's home is located on the property; and that he has continuously resided on the property since 1970. The 6.5 acre tract in question is a part of the larger seventy-three acre tract.

Concerning the location and use of the 6.5 acre tract, McClure gave the following testimony:

Q. The 6.5 acre tract of land on which you extended the deed of trust lien, describe where that is in relation to your residence.

A. That tract of land lies—its far west boundary is approximately twenty feet from my house and allows ingress and egress to the main dedicated roadway from my house.

Q. And is that ingress and egress over that 6.5 acre tract the only way to get to your residence?

A. Yes sir, it's the only feasible way to get to the residence.

Q. As a matter of fact are you still using that way to get there?

A. Yes sir.

Q. But if that way should be denied to you then you wouldn't have a way to it, is that correct?

A. That's correct.

Q. What is the reason for that?

A. There is a very narrow deep little creek that almost completely encircles my house, and the area that the creek is not on, the back area, the only other feasible area of entrance is bordered by a rather steep bank of cliffs, so that the triangular area is the only ingress and egress that I have.

Q. When you planned the erection of your residence, did you take that into account?

A. That was the primary purpose of the small triangular piece of land being purchased, yes sir.

The evidence further shows the seventy-three acre tract is not suitable for the cultivation of crops because the land is "hilly and rolling." Nevertheless, the property is good grass land. McClure stated that on at least one occasion he rented approximately fifty acres to his brother for grazing purposes.

Accent Building Systems, Inc. had a dealership arrangement with Braden Steel Corporation. In 1976, Accent Building Systems, Inc. owed Braden Steel Corporation a past due account in the amount of $40,000. Braden Steel Corporation demanded payment on the account and contemplated filing on certain jobs of Accent's in Spearman, Texas. Tom McClure, president of Accent testified that an official of Braden told him he had to get security for the account to continue the dealership; that the dealership was vitally important to Accent Building Systems, Inc.; that he did not want to lose the dealership; that the 6.5 acres of land was his only unencumbered property; and that he gave Braden the note secured by the deed of trust on the 6.5 acres.

By its second point of error, Braden Steel Corporation says the challenged portion of the judgment should be reversed because the court's findings of fact do not support

its determination that McClure has a homestead right in the tract in question. We do not agree.

The trial court's extensive findings of fact provide in part that:

5. On March 8, 1977, Tom McClure executed a promissory note individually and as President of Accent Building Systems, Inc. in the principal sum of $40,000.00 representing the previous indebtedness owed by Accent Building Systems, Inc. to Braden Steel Corporation.

\* \* \* \* \* \*

7. On March 8, 1977, Tom McClure, individually and as President of Accent Building Systems, Inc. executed a deed of trust purporting to secure the payment of the $40,000.00 note. The deed of trust conveyed a certain 6.538 acre tract of land described therein to A. W. SoRelle III, Trustee for the benefit of Braden Steel Corporation.

8. Tom McClure executed the note and deed of trust for the purpose of retaining the franchise of Accent Building Systems, Inc. to sell products manufactured by Braden Steel Corporation.

\* \* \* \* \* \*

12. That Tom McClure had acquired the 6.538 acre tract of land by deed on May 9, 1969. That Tom McClure has acquired other contiguous parcels of land by other conveyances during years 1969, 1971 and 1975.

13. That such parcels of land contained less than 100 acres of land total.

14. That on a 4.542 acre tract of land contiguous to the 6.538 acre tract of land there was a residence in which Tom McClure had physically resided continuously from August 1970 until the trial of this cause.

15. That the 4.542 acre tract and the 6.538 acre tract were enclosed by a fence. That Tom McClure had access to his residence by an approach, driveway or road across the 6.538 acre tract.

16. That the balance of the parcels of land were contiguous to the 4.542 acre tract and the 6.538 tract and were basically used for livestock pasture.

17. That the parcels of land owned by Tom McClure were not located in the legal limits of any incorporated city, town or village at any time that they had been owned by Tom McClure.

18. That Tom McClure, on and after November 24, 1976, was a single, adult person, not a constituent of a family.

19. That Tom McClure used the parcels of land owned by him for the purposes of a home.

Thus, the court found, *inter alia*, that Mr. McClure had lived and resided on the seventy-three acre tract since August 1970 and had used the parcel of land owned by him for the purposes of a home.

■■■ Relying primarily on *Prince v. North State Bank of Amarillo*, 484 S.W.2d 405, 409 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.), Braden Steel says to sustain a claim of homestead there must be "proof of concurrence of *usage* and *intent* on the part of the owner to claim the land as a homestead."[1] In this connection, Braden Steel maintains, in essence, that no evidence or finding exists that McClure intended to claim the property in question as his homestead. Although we agree with the abstract proposition stated in *Prince*, we do not consider the stated proposition nor the decision controlling in this instance. In *Prince*, the trial court found that the property in question "had neither been *acquired* nor *used* by the Princes with the *intention* of claiming same as their rural homestead, and that *such property* had been excluded from the property *designated* by them as their homestead" (emphasis added). *Id.* at 409. The court of civil appeals determined that the evidence was legally and factually sufficient to support the trial court's findings. These matters are absent from the case before us. Moreover, in the deed of trust executed by McClure in favor of Bra-

1. Braden Steel Corporation further cites *Sims v. Beeson*, 545 S.W.2d 262 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.) and *McFarlane v. First National Bank of Orange*, 97 S.W.2d 754 (Tex. Civ.App.—Beaumont 1936, writ ref'd) for the same abstract proposition.

den Steel Corporation, he did not represent, designate or attempt to exclude the property in question from homestead status.

Furthermore, in this instance the trial court expressly found upon supporting evidence that since August of 1970, McClure had owned, lived, resided on and used the property in question for the purposes of his home. As stated in *Youngblood v. Youngblood*, 124 Tex. 184, 76 S.W.2d 759, 761 (1934):

> Investigation of intention need not be made when the land is actually put to homestead uses. Such actual use of the land is the most satisfactory and convincing evidence of intention.

Thus, we are persuaded that by owning, possessing, residing on and using the property as his home, Mr. McClure evinced by overt action an intent to use such property as his homestead; and that in the absence of dual residences, a homestead disclaimer, or other similar matters to raise the issue, further inquiry into his objective intent is unwarranted and immaterial. *See Englander Co. v. Kennedy*, 424 S.W.2d 305, 309 (Tex.Civ.App.—Dallas), *writ ref'd n.r.e.*, 428 S.W.2d 806 (Tex. 1968); *Ray v. Metzger*, 165 S.W.2d 207, 209 (Tex.Civ.App.—Fort Worth 1942), *aff'd*, 141 Tex. 372, 172 S.W.2d 480 (1943); *City Central Bank & Trust Co. v. Byrne*, 47 S.W.2d 432, 434 (Tex.Civ.App.—San Antonio 1932, writ ref'd).

In its third point of error, Braden Steel says the challenged portion of the judgment should be reversed because there is no evidence to support the essential elements of McClure's homestead claim. In deciding this legal sufficiency challenge, we must consider only the evidence and the inferences tending to support the trial court's findings in support of the challenged portion of the judgment and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). Thus, having considered the evidence under the appropriate legal standard, we conclude that there is ample evidence of probative force to establish that the property in question is a part of McClure's rural homestead.

In its sixth point of error, Braden Steel further maintains that the challenged portion of the judgment should be reversed because the finding that the property in question is the homestead of McClure is against the great weight and preponderance of evidence. In deciding this factual sufficiency attack, we must consider all of the evidence to ascertain if findings in support of the challenged portion of the judgment are so against the great weight and preponderance of the evidence as to be manifestly wrong or unjust. *Garza v. Alviar, supra*, at 823; *Parrish v. Hunt*, 160 Tex. 378, 331 S.W.2d 304, 305–06 (1960); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). Having so considered all of the evidence, we overrule Braden Steel's sixth point of error.

In point five, Braden Steel contends, in essence, that it conclusively established that McClure was estopped to claim the property in question as his homestead. In support of its "as a matter of law" contention, Braden Steel reasons that McClure impliedly represented that the property in question was not his homestead by executing the deed of trust which contained the following language indicating that he was "lawfully seized of said property, and have the right to convey same; that said property is free from all liens and encumbrances, except as herein provided." In this connection, Braden Steel further reasons that it relied upon McClure's representations that the property was not his homestead by accepting the deed of trust in forbearance of action to collect the antecedent debt owed by Accent Buildings Systems, Inc. Braden Steel further supports its estoppel contention by the fact that subsequent to the date of the deed of trust and prior to the foreclosure sale under the deed of trust, McClure wrote a letter indicating that his homestead was on the 4.542 acre tract which is a part of the seventy-three acre unit.

The quoted language from the deed of trust is not sufficient to constitute a homestead disclaimer in this instance. Moreover, the evidence does not conclusive-

ly establish that by executing the deed of trust, McClure fraudulently misrepresented that the property in question was non-homestead property in order to induce Braden Steel to accept the deed of trust to secure the note. *See Nixon v. Hirschi*, 134 Tex. 415, 136 S.W.2d 583, 584 (1940). Furthermore, the validity of the deed of trust is determined by the conditions that existed at the time the lien was given by McClure. *See Person v. Levenson*, 143 S.W.2d 419, 421 (Tex.Civ.App.—El Paso .1940, no writ). Thus, as stated in *Black v. Boyer*, 21 S.W.2d 1094, 1095 (Tex.Civ.App.—Waco 1929, writ dism'd):

> Our courts have uniformly held that where a person is actually in possession of a piece of property, occupying and using same as a homestead, at the time a mortgage or lien is attempted to be placed thereon, an affidavit or a statement made by the parties contrary thereto is of no binding force or effect, since the Constitution of this state (article 16, § 50) forbids the fixing on the homestead of a lien other than those that are expressly permitted under the terms of the Constitution. *Texas Land & Loan Co. v. Blalock*, 76 Tex. 85, 13 S.W. 12.

Accordingly, under the circumstances of this case, we conclude that Braden Steel failed to conclusively establish that McClure was estopped to claim the property in question as homestead.

■ Lastly, by its seventh point, Braden Steel maintains that the trial court's failure to find estoppel is against the great weight and preponderance of the evidence. Having considered all the evidence under the appropriate legal standard, we conclude that the trial court's failure to find estoppel is not so against the great weight and preponderance of the evidence as to be manifestly wrong or unjust.

In summary, we overrule Braden Steel Corporation's points of error two, three, five, six and seven. Our disposition of these points is dispositive of this appeal. Accordingly, the judgment of the trial court is affirmed.