ROSE LISLE NIXON ET AL V. JOHN HIRSCHI.

No. 7280. Decided February 14, 1940.
(136 S. W., 2d Series, 583.)

*John M. Martin,* and *Mathis & Caldwell,* all of Wichita Falls, for plaintiff in error.

Where plaintiffs, husband and wife, were actually occupying property as their homestead and gave a deed of trust lien thereon they were not estopped to deny the validity of said trust lien on their homestead, because they had made representations in said deed of trust to the effect that said property was not used, occupied and claimed as their homestead. Texas Land & Loan Co. v. Blalock, 76 Texas 85, 13 S. W. 12; Toler v. Fertitta, 67 S. W. (2d) 229; 60 C. J. 821.

*T. R. Boone, Kearby Peery* and *E. L. Fulton,* all of Wichita Falls, for defendant in error.

Mr. Justice Sharp delivered the opinion of the Court.

Mrs. Rose Lisle Nixon and her husband brought suit in the District Court of Wichita County against John Hirschi, to remove cloud cast upon the title of a certain improved lot of land, and to prevent the foreclosure of a deed of trust executed by plaintiffs in favor of John Hirschi, to secure a sum of money loaned by him to plaintiffs. Based upon certain answers of the jury, the trial court entered judgment in favor of John Hirschi for the sum of $317.00, advanced by him in the payment of taxes assessed against the property, but denied John Hirschi all other relief. The Court of Civil Appeals at Fort Worth reversed the judgment of the trial court, and rendered judgment for John Hirschi. 103 S. W. (2d) 833. For a detailed statement of the facts involved in this case, we refer to the opinion of the Court of Civil Appeals. For convenience, we will designate the parties here as plaintiffs and defendant, as they were designated in the trial court.

The pleadings and evidence raised certain issues, which were submitted to the jury. Judge Brown, in writing the opinion for the Court of Civil Appeals, clearly states the findings of the jury, as follows:

"The jury found, among other things, that, when the first loan was made and the deed of trust executed to said loan association, Rose Lisle Nixon and her then husband, S. H. Howell, were actually occupying the premises in controversy, and further that it was their homestead, and similar findings were made with respect to the time when the second loan was made and the second deed of trust executed. The jury specifically found that at the time appellee Rose Lisle Nixon secured the

loan from appellant, Hirschi, she represented to him that the $1,500 loan held by the loan association was a valid lien against the property in question. The jury further found that, at the time the loan was closed with appellant, said appellee did not request appellant to pay the said loan association the indebtedness due it, and further that neither said appellee nor her former husband, by acts or words, requested appellant to take up such loan. The jury further found that said appellee and her then husband never intended to establish as a homestead the Tarter-Clark property, or the property referred to in their deed of trust to appellant as their homestead. The jury further found that a reasonably prudent person, situated as appellant, would not have believed that either of the properties designated as a homestead by appellee and her then husband actually constituted such homestead; and further that appellant did not believe that said appellee's homestead was in the Tarter-Clark subdivision in September, 1928; and further found that appellee and her then husband did not intend to deceive appellant at the time they made the declaration that their homestead was at a different place from the property on which the loan was made; and further found that appellant would have advanced the money to take up the loan association's debt if he had not believed appellee's homestead was in the Tarter-Clark subdivision."

Counsel for defendant by their admission reduced the decision of this cause to one question. They did not plead a subrogation to the lien held by the Standard Savings & Loan Association for the sum of $1500.00 borrowed by plaintiffs from that company, nor did they claim a lien for the $1000.00 advanced by the defendant. The sole question for decision here is whether or not the plaintiffs are estopped from asserting their homestead rights in the property involved, to the extent of $1500.00 advanced by Hirschi to the Standard Savings & Loan Association, by reason of the false and fraudulent representations made by them with respect to such loan.

Section 50 of Article 16 of the Constitution specifically provides:

"No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon, as hereinbefore provided, whether such mortgage, or trust deed, or other lien, shall have been created by the husband alone, or together with his wife; and all pretended sales of the homestead involving any condition of defeasance shall be void."

In the case of National Bond & Mortgage Corporation v. Davis et al, 60 S. W. (2d) 429, it was said:

"The courts of this state zealously guard homestead rights guaranteed under the Constitution and laws and will not permit those rights to be invaded by others seeking to establish invalid claims or liens against the property claimed as a homestead, but in upholding the provisions of the Constitution and the laws the courts have also kept in mind that it was never intended by the framers of the Constitution that the homestead law should be used to defeat the rights of an innocent third party, who, in good faith, without notice, for a valuable consideration, has acquired valid liens against the property."

■ The burden rested on defendant to allege and prove that plaintiffs were estopped to assert their homestead rights as against his claim for the $1500.00 paid to the Standard Savings & Loan Association. The jury found that plaintiffs were actually occupying the premises in controversy, and that it was their homestead, when the loan was made by the defendant and the deed of trust was executed in his favor by the plaintiffs.

■■ Many issues touching the various phases of this case were submitted to the jury, and answers made thereto. The substance of such findings is stated above. If the evidence raised the issue that the plaintiffs made fraudulent representations to the defendant, in order to induce him to pay off the $1500.00 note held by the Standard Savings & Loan Association, the duty rested on defendant to have that precise issue submitted to the jury. This record shows that such issue was not submitted; nor was there a request made for the submission of same. Under the state of this record, we presume that the trial court, in the light of the findings of the jury, found such issue in such way as to support the judgment rendered. Wichita Falls & Oklahoma Ry. Co. v. Pepper, this volume 360, 135 S. W. (2d) 79.

Therefore the judgment of the Court of Civil Appeals is reversed, and the judgment of the trial court is affirmed.

Opinion delivered February 14, 1940.