## James A. Lincoln et ux v. Dale E. Bennett.

No. 7704.  Decided November 12, 1941.
Rehearing overruled December 10, 1941.
(156 S. W., 2d. Series, 504.)

*Goggans & Ritchie, Nathan Jacks, John B. Stigall, Jr.,* all of Dallas, for plaintiffs in error.

A lender of money could not rely exclusively on a homestead designation executed more than five years before the making of the loan, although such record might have been presented as an inducement to make the loan, nor can such designation be relied upon exclusively by the lender to estop the borrower from pleading the invalidity of the loan as a mortgage on the homestead under the Constitution. Texas Land & Loan Co. v. Blalock, 76 Texas 85, 13 S. W. 12; Ormsby v. Ratcliffe, 117 Texas 242, 1 S. W. (2d) 1084; Martin v. Astin, 295 S. W. 584.

*Lively, Dougherty & Alexander,* of Dallas, for defendant in error.

Estoppel is not available for the enforcement of a lien against a homestead except in cases of ambiguous situations involving simulated vendor's liens, purported mechanics' liens and deed of trust liens under such circumstances that the status of the property is dubious. Nixon v. Hirschi, 134 Texas 415, 136 S. W. (2d) 583; Sanger v. Calloway, 61 S. W. (2d) 988; National Bond & Mort. Co. v. Davis, 60 S. W. (2d) 429.

MR. JUSTICE SHARP delivered the opinion of the Court.

This suit was filed by plaintiffs in error, James A. Lincoln and wife, to cancel a deed of trust, dated May 31, 1927, given to secure a loan of $7,000.00, advanced by defendant in error, Dale E. Bennett, for the purpose of renewing and extending a deed of trust dated May 25, 1922, executed by plaintiffs in error to secure one G. H. Schoellkopf in the payment of a note for $7,000.00. Plaintiffs in error sought cancellation of the lien and deed of trust on the ground that the property encumbered, a lot situated on Harwood Street in the City of

Dallas, is their homestead, and has been openly and uninterruptedly used and occupied by them as their homestead since 1907, down to and inclusive of the date of trial, and that the lien is invalid and unenforcible under the provisions of Section 50 of Article XVI of the State Constitution.

Defendant in error alleged that the Schoellkopf note was taken up and renewed and extended at the special instance and request of James A. Lincoln, who represented to Hiram F. Lively, the acting representative and attorney of defendant in error, that the Schoellkopf note was secured by a valid lien on the Harwood Street property, and that the lot was not his homestead when the Schoellkopf deed of trust and note were executed; that at the time of the Schoellkopf transaction, and as a part thereof, plaintiffs in error executed and acknowledged, and caused to be filed for record in the deed records of Dallas County, a designation of homestead, in which they designated property on Lindsley Avenue, in Dallas, then owned by them, as their homestead. It was further alleged that at the time of the purchase and extension of the Schoellkepf note and deed of trust, neither Bennett nor his attorney knew or had any notice that the Harwood Street property was the homestead of plaintiffs in error in 1922, and did not know that the statement contained in the designation of homestead was untrue; that James A. Lincoln concealed the true facts respecting the homestead status in May, 1922, with the intention of inducing him to purchase the Schoellkopf note and deed of trust; and, therefore, that plaintiffs in error are estopped to assert that the original deed of trust made to Schoellkopf is invalid.

The case was submitted to the jury on special issues, and the trial court entered judgment in favor of Dale E. Bennett, foreclosing the deed of trust held by him. The Court of Civil Appeals, by a majority opinion, Chief Justice Bond dissenting, affirmed the judgment of the trial court. 135 S. W. (2d) 632. This Court granted the application for writ of error on the importance of the homestead question involved and because of the dissenting opinion.

Defendant in error contends that Lincoln and wife are estopped from asserting that the deed of trust lien held by him is invalid, because the property upon which said deed of trust was given constitutes their homesetad, on two grounds: (a) Because of the representations made by Lincoln and wife in the designation of homestead that such property was not their homestead: and (b) because Lincoln represented to the attor-

ney for Bennett that the lien held by Schoellkopf was a valid one.

It is undisputed that the note held by Schoellkopf and Bennett was not made for purchase money or any part thereof, or for taxes due on such property, or for work and material used in constructing improvements thereon. It is also undisputed that Lincoln and wife never occupied the property on Lindsley Avenue, which they designated as their homestead, nor did they make any pretense to occupy same. We quote from the opinion of the Court of Civil Appeals the following statement:

"It is not disputed that, at the time the Schoellkopf loan was consummated in May 1922, the Harwood Street property was the homestead of appellants, and that the statements contained in their homestead designation to the contrary were untrue, and that all other statements or implications contradictory of the idea of its being their homestead at the time were untrue."

■ Article XVI, Section 50, of the Constitution declares that "No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefore, or improvements made thereon, as hereinbefore provided, whether such mortgage, or trust deed, or other lien, shall have been created by the husband alone, or together with his wife; * * *"

■ Our courts have in certain cases enforced against the homestead certain liens which were created neither for purchase money nor for improvements contracted for as provided for in the provision of the Constitution just quoted. Those cases are generally classified as follows: "(1) When the owners, not actually occupying the property, or so using it that its status is dubious at the time the mortgage is executed, represent that it is not their homestead; (2) when the owners create a lien by entering into a simulated transaction which has all the outward appearance of a valid, unconditional sale, but which is in fact a mortgage; (3) when the owners represent that existing notes are valid mechanic's lien notes for improvements, secured by a mechanic's lien contract properly executed."

This case does not fall within any of the three classes above mentioned. Consequently, a discussion of the decisions falling within those three classes would be immaterial to a decision of this case. Also, to do so would unnecessarily prolong this opinion. We shall merely cite some of the leading cases falling with-

in those classes: First Texas Joint Stock Land Bank of Houston v. Chapman (Civ. App.), 48 S. W. (2d) 651; McMullan v. San Antonio Joint Stock Land Bank of San Antonio (Civ. App), 78 S. W. (2d) 669; Carstens v. Landrum (Com. App.), 17 S. W. (2d) 803; Parrish v. Hawes, 95 Texas 185, 66 S. W. 209; Garrett v. Katz (Civ. App.), 23 S. W. (2d) 436, judgment corrected 27 S. W. (2d) 373; Nixon v. Hirschi, 134 Texas 415, 136 S. W. (2d) 583; Nat'l Bond & Mortgage Corp. v. Davis et al, 60 S. W. (2d) 429, 434.

It is undisputed that the debt in controversy does not fall within the provisions of the Constitution above quoted. Here we have the owners of the homestead executing a deed of trust on the property occupied and used by them as a homestead, in violation of the provisions of the Constitution. The possession and occupancy of the property on Harwood Street by Lincoln and his wife was open, certain, and unambiguous, and unbroken for a period of time beginning long before the execution of the deed of trust and the designation of homestead; and such use and occupancy continued down to the trial of this case. The homestead designation executed by Lincoln and wife was made five years prior to the time Bennett acquired said note from Schoellkopf, and during all that time they occupied said property openly and exclusively as their homestead; and such occupancy continued for a period of twenty years.

The jury found: (1) That Lincoln and wife occupied and used the property situated on Harwood Street as their homestead, and that they never did occupy the premises on Lindsley Avenue as a homestead; (2) that Lincoln requested Hiram F. Lively, as attorney for Bennett, to take up and extend the Schoellkopf note and deed of trust; (3) that Lively did not know that the property situated on Harwood Street was used and occupied by Lincoln and wife as a homestead; (4) that Lincoln did not represent to Lively that the property on Harwood Street was not used and occupied by himself and wife as a homestead at the time of the execution of said Schoellkopf note and the deed of trust securing same; (5) that at the time Hiram F. Lively purchased the Schoellkopf note secured by deed of trust for Bennett, he did not rely upon the representations made by Lincoln that the Schoellkopf note was secured by a valid lien on the Harwood Street property. No issue of estoppel on the part of Mrs. Lincoln was submitted to the jury, nor is any complaint made regarding that matter.

■ The case of Texas Land & Loan Co. v. Blalock, 76 Texas 85, 13 S. W. 12, 13, is one of the outstanding cases bearing upon this question. That case involved the validity of a lien described in a deed of trust containing strong statements that the property upon which a lien was undertaken to be given did not constitute the homestead; and it was sought there, as here, to show that the maker of the note and deed of trust was estopped from asserting that the lien was invalid on account of such property constituting a homestead. In that case Blalock and wife alleged that the land was their homestead before and at the time the deed of trust was executed, and that, therefore, same was void. In that case it appeared indisputably that Blalock and his family occupied the land as their homestead continuously, before and at the time said deed of trust and note were executed, and that it was the homestead of the family. After reciting the facts in that case, this Court announced the following rule:

"The Constitution forbidding the fixing on the homestead of liens other than such as are thereby expressly permitted, no estoppel can arise in favor of a lender who has attempted to secure a lien on homestead in actual use and possession of the family, based on declarations of the husband and wife made orally or in writing contrary to the fact. To hold otherwise would practically abrogate the Constitution.

"If property be homestead in fact and law, lenders must understand that liens can not be fixed upon it, and that declarations of husband and wife to the contrary, however made, must not be relied upon. They must further understand that no designation of homestead contrary to the fact will enable parties to evade the law and encumber homesteads with liens forbidden by the Constitution. Mortgage Co. v. Norton, 71 Texas, 683; Pellat v. Decker, 72 Texas, 581; Kempner v. Comer, 73 Texas, 203." See also Schulz v. Whitham & Co., 119 Texas 211, 27 S. W. (2d) 1093; Rutland Savings Bank v. Isbell, 137 Texas 432, 154 S. W. (2d) 442; Siedemann v. New Braunfels State Bank (Civ. App.), 75 S. W. (2d) 167 (writ refused); Nixon v. Hirschi, 134 Texas 415, 136 S. W. (2d) 583.

In 22 Tex. Jur., p. 184, sec. 128, the rule is stated in the following language:

"The homestead claimant being shown to have been using and occupying the premises, the lien or encumbrance is not sustainable as against the claim of homestead by reason of the

fact that the claimant accompanied his disclaimer by a designation of another parcel as being the property in which his homestead right existed." Also see cases cited in footnotes.

■ No contention is made that Mrs. Lincoln made any representations to Bennett, or his attorney, to induce Bennett to take up the note held by Schoellkopf. Reliance for estoppel is based upon the representations contained in the designation of homestead executed by Lincoln and wife at the time of the making of the Schoellkopf note and deed of trust, and upon the statements made by Lincoln that the lien held by Schoellkopf was valid. If it should be assumed, without deciding, that Lincoln is estopped to question the lien held by Bennett, that would not prevent his wife, under the facts of this case, from contesting the validity of the lien. She was occupying the homestead on Harwood Street, as the wife of Lincoln, during the years above mentioned, and was using and enjoying such property as her homestead during all that time. She, as well as Lincoln, had homestead rights in such property. It is not shown that she knew about the statements made by Lincoln to Bennett, or to his attorney, to induce Bennett to acquire the Schoellkopf note, or that she ever ratified such statements. There is nothing in this record, except the homestead designation, executed five years prior to that time, that would in any way affect her rights in the homestead. The testimony contained in this record, as we view it, is not sufficient to raise the issue of estoppel on the part of Mrs. Lincoln, and prevent her from asserting her homestead rights in this property and questioning the validity of the lien held by Bennett. Martin v. Astin, (Com. App.), 295 S. W. 585; Miller v. Southland Iife Ins. Co., 68 S. W. (2d) 558; Bell v. Schwarz, 56 Texas 353; McLaren v. Jones, 89 Texas 131, 33 S. W. 849; Parker et al v. Schrimsher, 172 S. W. 165; Speer's Law of Martial Rights (3d ed.), p. 351, sec. 280.

The judgments of the trial court and Court of Civil Appeals, foreclosing the deed of trust lien held by Bennett on part of Block No. 132, situated on Harwood Street, according to the official map of the City of Dallas, which property is fully described in the deed of trust dated May 31, 1927, executed by Lincoln and wife to Hiram F. Lively, Trustee, and which is recorded in Volume 739, page 213, of the Deed of Trust Records of Dallas County, Texas, to which reference is hereby made for a description of the property therein described, are hereby reversed, and judgment is rendered herein denying defendant in error a lien on said property; but said judgments of the trial

court and Court of Civil Appeals in all other respects are affirmed.

Opinion delivered November 12, 1941.

Rehearing overruled December 10, 1941.