CROSSWHITE et ux. v. MOORE.

No. 10041.

Court of Civil Appeals of Texas. Austin.

April 16, 1952.

Rehearing Denied May 7, 1952.

Clyde Vinson, San Angelo, for appellants.

Upton, Upton, Baker & Griffis, W. A. Griffis, Jr., San Angelo, for appellee.

ARCHER, Chief Justice.

Appellee, G. J. Moore, brought this suit against appellants upon three notes, one for $3,000 allegedly secured by a vendor's lien against a small tract, size 82′ x 120′, which will be referred to as Tract One; another note for $1,000 allegedly secured by a vendor's lien upon a small tract adjoining said Tract One, irregular size, which he referred to as Tract Two; and another note for $1,000, unsecured except by attachment lien; and defendants (appellants) admitted liability on the notes but denied the validity of the liens on Tracts One and Two, alleging Tracts One and Two were claimed and occupied by appellants as their homestead at the time the notes were given by appellants to appellee, and the notes were given for money borrowed and not for the purchase thereof.

The plaintiff by supplemental petition pleaded estoppel by the record on the part of the defendants to deny the validity of the liens, and equitable estoppel on the part of the defendants to deny the validity of the liens, based upon representations made to and inducing the plaintiff to consummate the transaction and based upon the fraud perpetrated upon the plaintiff. The cause was tried before a jury and after appellants and appellee had rested appellants made a motion that the court instruct the jury to return a verdict in their favor insofar as appellee sought foreclosure of his alleged liens upon Tracts One and Two. At the same time appellee filed a motion to withdraw the case from the jury and render verdict for appellee against appellants on their notes and foreclosing all of their alleged liens. The court granted the motion of appellee and denied the motion of appellants.

The appeal is before this Court on five assignments of error: the first is directed to the error of the court in sustaining the motion of appellee to withdraw the case from the jury and to enter the judgment for plaintiff and order foreclosing the lien against Tract No. 1; the second is to the error in entering judgment and order foreclosing the lien against Tract No. 2; the third and fourth are to the effect that the court was in error in not instructing the jury to return a verdict for defendants insofar as an order foreclosing the alleged liens are concerned as to both of the tracts; and the fifth is that the undisputed facts created no basis for the application of the principle of estoppel as pleaded by appellee.

Plaintiff in his first amended original petition alleged that on the 13th day of March, 1948, he was the owner of the fee simple title of and conveyed to defendant, T. R. Crosswhite, a tract of land in Tom Green County, Texas, to wit:

"All that certain Lot, Tract, or Parcel of Land, lying, being and situated in the County of Tom Green, State of Texas, and described as follows:

"Being a part of a 5.03 acre tract of land described in deed dated December 20, 1907, from J. C. Heard, to Rosena Herrman, recorded of Vol. 45, page 466, of the Deed Records of Tom Green County, Texas;

"Beginning at a stake on the South line of said 5.03 acre tract, being 60′ West of the Southeast corner of said 5.03 acre tract; Thence West with the South Line, 120 feet, more or less, to the Southeast corner of a 3 acre tract conveyed to H. D. Ingram, recorded in Vol. 194, page 317 of the deed records; Thence North with the east line of said Ingram tract 82 feet, more or less; Thence East, 120 feet more or less to an inner corner of tract conveyed to Mark Payne, out of said 5.03 acre tract; Thence

South 82 feet, more or less, to the place of beginning.

"And as part of the consideration therefor, the said T. R. Crosswhite executed and delivered to the Plaintiff, G. J. Moore, his certain promissory note in the principal sum of Three Thousand Dollars ($3,000.00), bearing interest at the rate of 6% per annum, and payable in monthly installments of $35.00 each, the first installment being due and payable on or before the 15th day of April, 1948, and a like installment on the 15th day of each successive month thereafter until the total sum is paid; * * *"

Further allegations were made:

"That on or about the 13th day of March, 1948, Mark Payne, was the owner of the fee simple title and superior title to the hereinafter described lands, and sold and conveyed the same to the said T. R. Crosswhite, which lands are described as follows:

"All that certain Lot, Tract or Parcel of Land, lying and being situated in the County of Tom Green, State of Texas, and described as follows:

"Being a part of Heinrich Oelkers Survey No. 165, and a part of the 1¾ acres of land conveyed to Grantor, Mark Payne, by G. J. Moore, on February 8, 1938, and recorded in Vol. 206, page 155, of the Deed Records of Tom Green County, Texas, and more particularly described as follows:

"Beginning at the S. E. corner of a 5.3 acre tract conveyed to G. J. Moore by Mrs. Rosena Herrman, by deed dated June 11, 1929, recorded in Vol. 154, page 123, Deed Records of Tom Green County, Texas; Thence West 60 feet to a stake in the South line of said 5.3 acre tract; Thence North 82 feet to stake; Thence West 120 feet to stake; Thence North 398 feet to stake, N. W. corner of the 5.3 acre tract; Thence East 180 feet to stake, the N. E. corner of said 5.3 acre tract; Thence South, with the east line of said 5.3 acre tract, 480 feet to the place of beginning. Excepted from this conveyance, however, the land deeded to Emma Virginia Crosswhite, by Mark Payne, on July 18, 1940, being a tract of land 60 feet by 181½ feet, fully described in the above mentioned deed recorded in Vol. 211, page 285, of the Deed Records of Tom Green County, Texas, to said deed and the record thereof is here referred to and made a part hereof for all necessary and proper purposes;

"And at the request of the said Defendant, T. R. Crosswhite, the Plaintiff herein advanced One Thousand Dollars ($1000) of the consideration for said lot, and he, the said Defendant, T. R. Crosswhite, executed and delivered his certain promissory note in the principal sum of One Thousand ($1000.00), payable to the order of Plaintiff, G. J. Moore, in monthly installments of $10.00, the first installment being due and payable on or before the 15th day of April, 1948, * * *."

Other allegations were made as to another note for $1,200 and as to an attachment levied on other property, none of which is involved in this appeal.

The appellants in their amended answer, alleged that the two notes executed, and the alleged liens were part of a common transaction whereby T. R. Crosswhite obtained a cash loan of $2,000 from Mr. Moore, and that there were other sums of money due Mr. Moore aggregating $2,000, a total debt of $4,000; and to secure appellee in the payment of such indebtedness the said vendor's and deed of trust liens alleged by appellee were created on the properties described in appellee's petition, which then constituted the homestead of appellants; that such fictitious liens were put on the said tracts of land in a manner set out.

That Tract No. One was acquired from appellee by appellants by deed dated July 18, 1940, paying cash therefor; that appellants acquired said Tract Two from Mark Payne about July 18, 1940; that ap-

pellants erected a residence, garage, chicken house, septic tank, well, water tank upon said two tracts in 1941, and moved in and had occupied said two tracts as their home and claimed and used same as their home ever since and were still doing so at the time of trial of this case, and they had no other home during such period; that said original deeds to said two tracts had never been filed for record in the office of the County Clerk of Tom Green County, Texas.

The appellants executed a mechanic's lien and note for $120 on Tract No. 1 in January, 1941, which were transferred to appellee. J. E. Crosswhite, a brother of T. R. Crosswhite, paid this note when it became due and T. R. Crosswhite repaid J. E. Crosswhite, and appellee executed an instrument in the general form of a quitclaim deed to J. E. Crosswhite to Tract No. 1 which contained this recitation:

"For the same consideration the grantor releases all liens held by him against the above described property, including the mechanic's lien recorded in volume 31, page 497 of the mechanic's lien records of Tom Green County, Texas."

In November, 1944, H. L. Crosswhite, then a minor, a son of T. R. Crosswhite, obtained a loan from G. J. Moore, which note was signed by J. E. Crosswhite, who made a deed of trust upon Tract No. 1 to secure the payment of the note; there was paid on this note the sum of $260 leaving a balance of $240 which was included in the $3,000 note. J. E. Crosswhite executed a warranty deed to G. J. Moore conveying Tract No. 1.

G. J. Moore executed a warranty deed to T. R. Crosswhite conveying Tract No. 1 and retained a vendor's lien to secure the note for $3,000. Mark Payne, who had made and delivered a deed to T. R. Crosswhite in 1940, which had not been recorded, made a deed to T. R. Crosswhite to Tract No. 2 retaining a vendor's lien to secure the note for $1,000 payable to appellee. These deeds were filed and duly recorded.

Appellants pleaded that Mrs. M. O. Crosswhite, wife of T. R. Crosswhite, never at any time had any knowledge of the later executed deeds and liens until she was served with citation in the suit.

The appellee in his counter points contends that appellant T. R. Crosswhite, having executed the purchase money notes, that appellants are estopped from asserting any title or interest in said lands, except that conveyed by the last executed deeds; and that appellants, having permitted the record title to the lands to stand in the names of persons other than themselves, and having accepted conveyances from the record title owners, are estopped from disputing their vendor's titles and asserting a superior title in themselves, and appellant T. R. Crosswhite, having attempted to perpetuate a fraud upon appellee, he and his wife are estopped from asserting any homestead rights in the property covered by the vendor's lien.

As has been stated, appellee conveyed Tract No. 1 to appellants in 1940, this deed was not recorded. Subsequently in January, 1941, the appellants executed a mechanic's lien for $120 which was assigned to appellee and paid by J. E. Crosswhite who was given the instrument hereinabove referred to as a quitclaim deed. The appellee was by both the unrecorded deed and the assignment placed on actual notice of the ownership of this tract by appellants and the use being made of it.

Tract No. 2 was conveyed to T. R. Crosswhite by Mark Payne in 1940 by deed never placed of record, and in this deed a note for $200 was created which was assigned to appellee and to whom it was paid some time in 1941, by which it was shown that Mr. Moore had actual knowledge of the deed to Crosswhite and took an assignment to the vendor's lien note.

There is no question as to the use and occupancy of the two tracts as a homestead by the appellants as a number of witnesses testified as to the location and kind of improvements and the use thereof.

Mrs. M. O. Crosswhite, wife of T. R. Crosswhite, one of the appellants, testified that the family had lived on the property in question for ten years, and as to the building of improvements, and as to the purchase of the premises in 1940 from Mr. Moore and from Mark Payne; that the first she learned of the deeds executed in 1948 in which the notes and liens were created was at the time the citation in the instant case was served on her.

The appellee, an elderly man, was no doubt imposed on and thought he was getting a valid mortgage on the property, but the deeds and all the circumstances surrounding the transaction, together with the testimony of Mr. Moore, reveals that in spite of his age, he recalled remarkably well his knowledge and understanding of all of the several acts and dealings he had with the appellants.

■ We believe that the court was in error in entering the judgment foreclosing the alleged vendor's liens against both Tract No. 1 and Tract No. 2, but should have denied such order for foreclosure because the land comprising both of said tracts constituted the homestead of appellants and was occupied as such by them.

The only purpose the execution of the 1948 deeds could have accomplished was to fix liens in favor of Mr. Moore for the money already due him and for the money advanced at the time the deeds were made on the two tracts of land which we believe constituted the homestead of appellants and that appellee had actual notice of the 1940 deeds and the use to which the property was being put by appellants and was not an innocent purchaser for value, and therefore was an attempt to impose liens on the homestead of the appellants and as such are not valid. Vernon's Ann.St.Const. Art. XVI, § 50; Anglin v. Cisco Mortg. Loan Co., 135 Tex. 188, 141 S.W.2d 935.

In Garrard v. Henderson, Tex.Civ.App., Dallas, 209 S.W.2d 225, 229, the Court held:

"[6] The policy of courts is to uphold and enforce the homestead laws, 'notwithstanding the fact that in doing so they sometimes directly assist a dishonest debtor in wrongfully defeating his creditor.' 22 Tex. Jur., p. 13, sec. 4. The general policy of the State with reference to the homestead laws has been fully discussed by our Supreme Court, speaking through Chief Justice Cureton in Woods v. Alvarado State Bank, 118 Tex. 586, 19 S.W.2d 35."

We do not believe that the appellants, and particularly Mrs. M. O. Crosswhite, wife of T. R. Crosswhite, are estopped from asserting title to the lands except that conveyed by the 1948 deeds, but could rely on the 1940 deeds for title to the property and thereby successfully claim such as a homestead.

The appellee has cited a number of cases on the proposition of estoppel, but the facts in such cases are not the same as in the instant case. The question of knowledge, signed statements, occupancy of the claimants as are in the several cases cited by appellee, are not in this case. Mr. Moore had executed one of the deeds in 1940, had taken an assignment to the purchase money note in the other deed, had purchased a mechanic's lien note given for material to make improvements, and was familiar with the occupancy of the property by appellants.

In Lincoln et ux. v. Bennett, 138 Tex. 56, 156 S.W.2d 504, 506, our Supreme Court held:

"The constitution forbidding the fixing on the homestead of liens other than such as are thereby expressly permitted, no estoppel can arise in favor of a lender, who has attempted to secure a lien on homestead in actual use and possession of the family, based on declarations of the husband and wife made orally or in writing, contrary to the fact. To hold otherwise would practically abrogate the constitution.

"If property be homestead in fact and law, lenders must understand that liens can not be fixed upon it, and that

declarations of husband and wife to the contrary, however made, must not be relied upon. They must further understand that no designation of homestead, contrary to the fact, will enable parties to evade the law, and incumber homesteads with liens forbidden by the constitution."

The judgment of the trial court is reversed and rendered in favor of appellants insofar as the liens are ordered foreclosed, in all other respects is affirmed.

Reversed and rendered in part and in part affirmed.