United States Court of Appeals,

Fifth Circuit.

No. 91–4856.

In the Matter of Ann B. SMITH, William L. Smith, Jr., Debtors.

Ann B. SMITH, and William L. Smith, Jr., Appellees–Cross Appellants,

v.

UNITED NATIONAL BANK–DENTON, Appellant–Cross–Appellee.

July 21, 1992.

Appeals from the United States District Court for the Eastern District of Texas.

Before HILL,[*] KING, and DAVIS, Circuit Judges.

PER CURIAM:

William L. Smith, Jr., and Ann B. Smith appeal from an order of the district court holding that they are barred from asserting the invalidity of a mechanic's lien on their homestead. United National Bank–Denton appeals from the denial of attorney's fees. We affirm the judgment of the district court as to the validity of the lien, but vacate and remand as to the issue of attorney's fees.

I. FACTS AND PROCEDURAL HISTORY

On April 2, 1987, the Smiths executed a mechanic's lien contract and a mechanic's lien note payable to Frank Bourland, a contractor, in the amount of $60,000. The note and contract were contemporaneously assigned by Bourland to USBank of Denton ("USBank"). The contract described certain improvements to be made by Bourland to the Smiths' residence in consideration for execution of the note and the granting of a lien on their homestead.

The $60,000 was advanced by USBank to the Smiths pursuant to three draw requests, each of which indicated that work on the residence was being completed. In fact, no work was ever performed on the residence, and all parties involved knew that the money was actually being

[*]Senior Circuit Judge of the Eleventh Circuit, sitting by designation.

advanced to pay the Smiths' delinquent taxes and other debts. According to Mr. Smith, the loan officer at USBank told him that the "loan would look good on paper," but recognized that the loan documents were false.

The mechanic's lien note matured in October 1987, and the Smiths defaulted. Shortly thereafter, USBank failed, and its assets were acquired by the Federal Deposit Insurance Corporation ("FDIC") as receiver. These assets, including the mechanic's lien note and contract, were then assigned to United National Bank–Denton ("the Bank").

In October 1988, the Smiths filed for bankruptcy relief under chapter 11. This case was commenced by the Bank as an adversary proceeding in the Smiths' bankruptcy case. The Bank sought a declaration of the validity of the mechanic's lien on the Smiths' homestead, arguing that it acquired the note and contract from the FDIC and, as an assignee of the FDIC, took the documents free of any defenses pursuant to 12 U.S.C. § 1823(e) and *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). The Smiths counterclaimed for a declaration that the lien was invalid, arguing that, because Texas law requires substantial performance of the work on a homestead before a mechanic's lien attaches, the lien here was invalid inasmuch as no work at all was performed. The bankruptcy court held for the Bank and declared the lien valid, reasoning that 12 U.S.C. § 1823(e) and the doctrine of *D'Oench, Duhme* estopped the Smiths from asserting their defense to the lien. The bankruptcy court also awarded the Bank substantial attorney's fees and expenses. Upon the Smith's objection that the Bank failed to segregate recoverable fees and expenses from those incurred in another adversary proceeding, the court rescinded the award of attorney's fees in an amended judgment. No written reasons for the denial of the fees in the amended judgment are apparent in the record.

The Smiths subsequently appealed to the district court as to the validity of the mechanic's lien, and the Bank cross-appealed as to the denial of its attorney's fees. The district court affirmed the

bankruptcy court's judgment in all respects. An appeal to this court was first perfected by the Bank on the issue of its fees. The Smiths then cross-appealed as to the validity of the lien.

## II. DISCUSSION

### A.

Section 53.059 of the Texas Property Code provides that a mechanic's lien can be created on a homestead if the parties execute a written contract which is signed by both spouses, entered into before the material is furnished or the labor is performed, and properly recorded. Tex.Prop.Code Ann. § 53.059 (Vernon 1984). The Bank asserts that, inasmuch as these requirements were met, the mechanic's lien attached. The Bank also cites Section 53.124(a), which provides as follows:

> (a) For purposes of section 53.123 [lien priority], the time of inception of a mechanic's lien is the earlier of:
>
> (1) commencement of construction of improvements or delivery of materials to the land on which the improvements are to be located and which the materials are to be used; or
>
> (2) recording of a written agreement to construct all or part of any improvement or to perform labor, furnish material, or provide specially fabricated material in connection with the construction.

Tex.Prop.Code Ann. § 53.124(a). The Bank argues that this section indicates that the mechanic's lien at issue here attached as of the date of recordation.

According to the Smiths, however, the lien never attached to their homestead because the improvements called for by the lien contract were never constructed. The Texas Constitution provides, in relevant part, as follows:

> The homestead of a family ... shall be, and is hereby protected from forced sale, for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and materials *used* in constructing improvements thereon.... No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements *made* thereon, as hereinbefore provided....

Tex. Const. Art. XVI, § 50 (emphasis added). The Smiths argue that the emphasized language in the

Texas Constitution suggests that the work must actually be performed before a mechanic's lien attaches. They also contend that this reading of § 50 is echoed in Texas Property Code § 41.001(b), which provides, in relevant part, as follows:

> Encumbrances may be properly fixed on homestead property for:
>
> . . . . .
>
> (3) work and material *used* in constructing improvements on the property if contracted for in writing before the material is furnished or the labor is performed and in a manner required for the conveyance of a homestead, with joinder of both spouses if the homestead claimant is married.

Tex.Prop.Code Ann. § 41.001(b) (emphasis added). The Smiths contend that, as a matter of Texas law, the improvements called for in a lien contract must be performed before a lien attaches, regardless whether the lien contract is assigned to a third party. *Fidelity Savings & Loan Association of Port Arthur v. Baldwin,* 416 S.W.2d 482, 483 (Tex.Civ.App.—Beaumont 1967, writ ref'd n.r.e.), appears to support this position:

> The law of this state requires *substantial performance* of a mechanic's and materialmen's lien contract *before such lien attaches to a homestead.* This is true whether the person claiming the lien is the original contractor, or the contractor's assignee, as in this case. As stated by the Supreme Court ... the assignee bought the note before the contract was performed, and the assignee's lien depended upon the performance either by the original contractor or the assignee of that which such contractor had undertaken to do to create or perfect the lien.

*Id.; see also Houston Lumber Supply Co. v. Wockenfuss,* 386 S.W.2d 330, 334 (Tex.Civ.App.—Houston 1965, writ ref'd n.r.e.). Furthermore, contend the Smiths, § 53.124(a), which provides that a mechanic's lien arises at the time of recordation, is relevant only to disputes over lien priority, and is therefore inapposite to the instant dispute.

We need not here determine whether, or when, under the peculiar circumstances presented in this case, the mechanic's lien attached to the Smith's homestead, because we find that, even assuming the lien never attached, the Smiths are estopped from denying the validity of the lien. Under Texas law, homestead owners may not be estopped from asserting the invalidity of a lien on their

homestead except in three cases:

1. When the owners, not actually occupying the property, or so using it that its status is dubious at the time the mortgage is executed, represent that it is not their homestead;

2. When the owners create a lien by entering into a simulated transaction which has all the outward appearance of a valid, unconditional sale, but which is in fact a mortgage; or

3. when the owners represent that existing notes are valid mechanic's lien notes for improvements, secured by a mechanic's lien contract properly executed.

*See In re Niland,* 825 F.2d 801, 809 (5th Cir.1987); *Lincoln v. Bennett,* 138 Tex. 56, 156 S.W.2d 504, 506–07 (1941). Only exception 3 is relevant here.

Several Texas cases have discussed this exception to the State's paternalistic policy toward homestead rights. According to these cases,

> [i]t has long been held that when owners of a homestead represent that existing notes are valid mechanic's lien notes for improvements, secured by a mechanic's lien contract properly executed, and thereby induce innocent third parties to invest funds on the faith and credit of such liens, they are estopped as to such third parties to plead that the lien is invalid.

*Mazow v. Brazle,* 337 S.W.2d 734, 737–38 (Tex.Civ.App.—Eastland 1960, no writ); *see also Engell v. Union Central Ins. Co.,* 81 S.W.2d 738, 739–40 (Tex.Civ.App.—Fort Worth 1935, no writ); *Ackerson v. Farm & Home Sav. & Loan Ass'n of Missouri,* 77 S.W.2d 559, 561 (Tex.Civ.App.—San Antonio 1934, writ ref'd); *Garrett v. Katz,* 23 S.W.2d 436, 438 (Tex.Civ.App.—Dallas 1929, no writ).[1]

---

[1]The Smiths contend that they cannot be equitably estopped from asserting the invalidity of the lien because of Texas' "paternalistic general rule providing that homestead owners are not estopped by their own false representations...." Their contention is meritless. The Smiths base their argument on the following quote:

> The constitution forbidding the fixing on the homestead of liens *other than such as are thereby expressly permitted,* no estoppel can arise in favor of a lender who has attempted to secure a lien on a homestead in actual use and possession of the family, based on declarations of the husband and wife made orally or in writing, contrary to the fact. To hold otherwise would practically abrogate the constitution.

> If property be homestead in fact and law lenders must understand that liens

The circumstances of the instant case satisfy the requirements of this third exception. There is little doubt that the FDIC, and subsequently the Bank, were deceived by the Smiths' loan file. Indeed, the bankruptcy court specifically found that the Smiths, Bourland, and USBank entered into this transaction to defraud federal banking authorities. The Smiths clearly represented within the bank records, by means of the mechanic's lien note and contract and the three draw orders, that the work on the homestead was taking place, and thereby induced the FDIC to invest funds for the note and contract in the purchase and assumption transaction. The Bank, as assignee of the FDIC, was similarly misled by the Smith's representations as to the validity of the mechanic's lien.

The Smiths contend, however, that estoppel is improper in this case because the initial assignee of the note and contract, USBank, was not an innocent third party purchaser, because it was found by the bankruptcy court to have full knowledge of the fraud. We recognize that, based upon USBank's knowledge of the fraud, the Smiths would probably not be estopped from asserting the invalidity of the mechanic's lien if it were still held by USBank. The lien note and contract are no longer held by USBank, however, and are now in the possession of a subsequent assignee. This subsequent assignee, the Bank, was not a party to the creation of the fraudulent lien. Indeed, the Bank (and its assignor, the FDIC) took the lien note and contract in good faith, for value, and without knowledge of the fraud, and was therefore an innocent third party purchaser. *Cf. Garrett,* 23 S.W.2d

---

cannot be fixed upon it, and that declarations of husband and wife to the contrary, however made, must not be relied upon. They must further understand that no designation of homestead, contrary to fact, will enable parties to evade the law, and encumber homesteads with liens forbidden by the constitution.

*Texas Land & Loan Co. v. Blalock,* 13 S.W. 12, 13 (Tex.1890) (emphasis added). The policy in the State of Texas, as articulated above, is to prevent homestead owners from encumbering their homesteads with *improper* liens—those that are neither for purchase money, taxes thereon, or improvements, *see* Tex. Const. Art. XVI, § 50—by falsely representing that the property sought to be used as collateral is not their homestead. Here, all parties recognize that the Smiths' residence is their homestead. The instant situation, where the homestead owner has participated in the creation of a sham mechanic's lien, is very different from that which gave rise to the policy as described in *Blalock.* Indeed, Texas law, *see supra,* specifically permits the estoppel of a homestead owner from asserting the invalidity of a mechanic's lien when the homestead owner has previously represented that the lien is valid. *See Niland,* 825 F.2d at 809; *Lincoln,* 156 S.W.2d at 506–07.

at 438 ("In a number of cases, where simulated or fictitious transactions, giving rise to ostensible liens on homesteads, were involved, our appellate courts have repeatedly held that bona fide purchasers of such liens should be protected."); *NCNB Texas Nat'l Bank v. Campise,* 788 S.W.2d 115, 118 (Tex.App.—Houston [14th Dist.] 1990, writ denied) ("When the FDIC ... acquires a note in good faith, for value, and without actual knowledge of any defenses against the note, it takes the note free of all defenses that would not prevail against a holder in due course."). We need not here determine whether the Bank satisfied the myriad requirements of a holder in due course; rather, we find only that the Bank is an innocent third party purchaser of the mechanic's lien note and contract for purposes of this estoppel exception under Texas law.

Texas law clearly calls for estoppel in the circumstances we confront here. *See Lincoln,* 156 S.W.2d at 506–07. We therefore hold that the Smiths are estopped under Texas law from asserting the invalidity of the mechanic's lien.

### B.

The Bank sought attorney's fees for recovery on a contract claim under Texas Revised Civil Statute article 2226, *recodified at* Chapter 38, Texas Civil Practice and Remedies Code. The award of reasonable attorney's fees to a plaintiff recovering on a valid claim founded on a written or oral contract preceded by proper presentment of the claim is mandatory. *See Caldwell & Hurst v. Myers,* 714 S.W.2d 63, 65 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). As a general rule, the party seeking to recover attorney's fees carries the burden of proof. *See Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 10 (Tex.1991); *Kimbrough v. Fox,* 631 S.W.2d 606, 609 (Tex.App.—Fort Worth 1982, no writ). This burden includes the duty to segregate recoverable fees from those that are not recoverable. *See Stewart Title Guar. Co,* 822 S.W.2d at 10–11; *Wood v. Component Constr. Corp.,* 722 S.W.2d 439, 444–45 (Tex.App.—Fort Worth 1986, no writ).

Here, the district court affirmed the bankruptcy court's denial of the Bank's fees because a

small portion of the fee request submitted by the Bank represented fees generated in a different adversary proceeding. Denial of all fees based on this mistake by the Bank was error. Under Texas law, "an award of attorney's fees erroneously based upon evidence of unsegregated fees requires a remand." *Stewart Title Guar. Co.,* 822 S.W.2d at 11; *see Marcotte v. American Motorists Ins. Co.,* 709 F.2d 378, 381 (5th Cir.1983) (following Texas law, granting a hearing to determine which fees were recoverable).

Moreover, while a trial court has discretion in fixing the amount of attorney's fees, it does not have discretion to deny attorney's fees entirely under article 2226. *Caldwell & Hurst,* 714 S.W.2d at 65. Here, the bankruptcy court abused its discretion in completely denying the Bank's request for fees. We therefore vacate the judgment denying the Bank its attorney's fees and remand to the district court with instructions to remand to the bankruptcy court to calculate the Bank's recoverable attorney's fees.

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court with regard to the validity of the mechanic's lien is AFFIRMED; with regard to the issue of the Bank's attorney's fees, the judgment is VACATED and REMANDED with instructions to calculate the recoverable fees. Costs shall be borne by the Smiths.